IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  CRIMINAL ACTION NO.: 4:12CR061-SA

HARVEY ANDRE FRANKLIN, SR.  DEFENDANT

ORDER ON RECONSIDERATION

Defendant Harvey Franklin seeks reconsideration of the Judgment [27] entered in this case. In particular, Franklin protests the imposition of a lump sum payment of $75,000 to be paid "immediately, but in no even longer than 60 days from the date of this judgment" toward his total restitution amount. Franklin contends that when the Court considered the financial analysis completed by the probation office, his financial circumstances had changed and the numbers were no longer accurate. He therefore requests that the probation office render another financial analysis for this Court's reconsideration of his ability to pay the $75,000 lump sum payment.

Federal Rule of Criminal Procedure 35 allows the Court to correct an error in the judgment within fourteen days. Even though the Court technically has jurisdiction[1] to amend the judgment as requested, the Court finds no reason for reconsideration.

As statutorily noted, "[t]he burden of demonstrating the financial resources of the defendant and the financial needs of the defendant's dependents, shall be on the defendant." 18 U.S.C. § 3664(e). The Presentence Investigation Report, disclosed to Defendant prior to sentencing, includes a list of liquid assets under the heading "Financial Condition: Ability to Pay." Approximately $95,000 worth of available liquid assets was evident on the Presentence

---

[1] The Judgment was entered on November 18, 2013. Accordingly, the fourteenth day for correcting the judgment is today, December 2, 2013.

Report.[2]  No objections as to these figures were filed prior to sentencing, and no mention of Defendant's alleged decrease in assets was mentioned at sentencing. Defendant argues now that the Court should not have considered assets subject to forfeiture, and notes that at least one house and Defendant's vehicle is now subject to forfeiture. The Court was aware that forfeiture was pending against those assets, and the same is reflected in the Presentence Report. Therefore, the Court finds that no error was made in its determination that Defendant had the ability to pay a lump sum payment of $75,000 toward the restitution amounts owed.

Accordingly, Defendant's Motion for Reconsideration is DENIED.

SO ORDERED, this the 2nd day of December, 2013.

 /s/ Sharion Aycock
**U.S. DISTRICT JUDGE**

---

[2] The assets included in this calculation are Franklin's Personal Savings Account, Personal Checking Account, American Fidelity IRA, Mississippi Retirement Account, and Life Insurance Cash Value.